IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MELISSA MINCEY, | ) | CASE NO.: 4:24-cv-5121 JD |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT** |
| | ) | Loss of Consortium |
| SOUTHEAST FARM EQUIPMENT COMPANY, | ) | *(Jury Trial Requested)* |
| Defendant. | ) | |

The Plaintiff alleges:

1. That she is the wife of Dr. Kenneth H. Mincey and a resident of South Carolina.

2. The amount-in-controversy in this matter exceeds $75,000.00.

3. Complete diversity of citizenship exists between Plaintiff and Defendants.

4. That Defendant, Southeast Farm Equipment Company ("SFEC"), is a company organized and existing under the laws of the State of North Carolina but owns property and transacts business in South Carolina. That SFEC is an authorized dealer of Deere & Company products and is engaged in the sale and service of Deere & Company products.

5. That SFEC did extensive work on a John Deere 4230 tractor, VIN 4230H 038667R (subject tractor) in May of 2022, including work on the clutch and installation of a new starter.

6. The South Carolina Long Arm Statute authorizes this Court to exercise jurisdiction over this matter as it involves injuries to a resident of South Carolina by a product that was placed into the stream of commerce where it was expected that it could be used within South Carolina.

7. On September 23, 2022, Dr. Kenneth Mincey, was charging the battery on the subject tractor.

8. Dr. Mincey attempted to check the status of the battery while standing on the right-hand side of the tractor. The tractor started, began moving forward, and immediately knocked him to the ground. The front-end loader on the tractor came into contact with a stack of lumber and stopped the tractor from continuing to move forward. Mincey had to dig himself out from underneath the tractor as the rear right tire continued to spin on his leg and body. He was trapped underneath the spinning tire for an extended period.

9. He suffered severe injuries, including a fractured left ankle and a degloving injury to his left leg. He was subsequently diagnosed with a mild cognitive impairment and ultimately Lewey body dementia. Due to the degloving injury, he had to wait two weeks for surgery to be performed due to fear of infection. During this time, Mincey developed episodes of fainting and unconsciousness. After surgery was performed, the episodes of fainting and unconsciousness increased in frequency.

### FIRST CAUSE OF ACTION
### (Negligence)

10. Each allegation contained in this Complaint which is not inconsistent with this cause of action is hereby incorporated by reference as if repeated verbatim herein.

11. The damages sustained by Dr. Kenneth Mincey and Plaintiff were due to and proximately caused by the negligent, careless, reckless, willful, and wanton conduct of Southeast Farm Equipment Company wherein they breached the duty to use due care in the following particulars:

    (a)    In failing to properly inspect, test and repair the subject tractor;

    (b)    In failing to warn of the defective condition of the subject tractor;

(c) In failing to properly train personnel with regard to known problems with the neutral safety switch in the subject tractor and the importance of repairing and warning customers, including the Plaintiff;

(d) In failing to take certain corrective actions pursuant to Deere & Company policies;

(e) In failing to follow Deere and Company policies with regard to John Deere 4230 tractors;

(f) In returning the tractor to Plaintiff in an unreasonably dangerous condition; and

(g) In failing to act in a reasonably prudent manner.

### SECOND CAUSE OF ACTION
**(Loss of Consortium)**

12. Each allegation contained in this Complaint which is not inconsistent with this cause of action is hereby incorporated by reference as if repeated verbatim herein.

13. That at all times relevant hereto, Melissa Mincey and Dr. Kenneth Mincey were, and continue to be, lawfully married.

14. That by reason of Defendant's conduct, Dr. Kenneth Mincey has been injured in his health, strength, and activity and has sustained grievous injury to his body which has resulted in permanent physical and mental disabilities and great mental and physical pain and suffering.

15. As a result of the injuries sustained by Dr. Kenneth Mincey, Plaintiff has suffered the loss of her husband's companionship, society, services, care, support and comfort, for which she is entitled to recover.

16. Plaintiff endured and continues to endure severe grief, sorrow, shock, loss of companionship, loss of consortium, wounded feelings, mental anguish, loss of income, and other

losses recognizable at law as a result of her husband's injuries. Further, Plaintiff has become Dr. Mincey's primary caregiver.

17. Plaintiff is informed and believes that she is entitled to a judgement against the Defendant, for both actual and punitive damages, all of which were directly and proximately caused by the Defendant's acts and/or omissions as more fully set forth above, in an amount as may be set and determined by the trier of fact of this matter.

WHEREFORE, Plaintiff prays for judgment for actual and punitive damages against the Defendant and for any additional relief this Court deems just and proper, all in an amount determined fair and reasonable by a jury.

*(Signature page to follow)*

PARKER LAW GROUP, LLP

BY:  *s/Austin H. Crosby*
Austin H. Crosby, Fed ID 11536
acrosby@parkerlawgroupsc.com
Ronnie L. Crosby, Fed ID 6311
rcrosby@parkerlawgroupsc.com
101 Mulberry Street East
Post Office Box 487
Hampton, South Carolina 29924
(803) 903-1781

ATTORNEYS FOR PLAINTIFF

September 16, 2024
Hampton, South Carolina